## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No. -**                                    **-CV-**

John B. Culverhouse, Sr.,                    Jury Trial:   "Yes"

      Plaintiff

**-v-**

The **City of Fort Pierce** , a municipal
corporation, City of  Fort Pierce **City
Manager Nicholas Mimms**, **individually,
City of Fort Pierce Building Department
Coordinator Shaun Coss**, **individually,
City of Fort Pierce  Code Compliance
Officer**, **Margaret  M. (Peggy) Arraiz,
individually**, City of Fort Pierce **City
Clerk and Assistant City Manager** ,
**Linda Cox, individually**, and other
John Doe employees, Officials and
and non-employee Municipal Actors of
the  City of  Fort Pierce, individually,
**Charlene Adair**, **Joe Krisnak,
Sylvia Krisnak, Janice Hodge,**

**Chris Hodge** *aka* **Christopher P. Hodge**,

**John Wolsiefer** *aka* **John Wolsiefer, Sr**.,

**Nell Wolsiefer**, Kelly Johnson *aka*

**Kelly M. Johnson, Jeremiah K. Johnson,**

1

Bob Greene *aka* Robert Greene,

**Donna Greene**, Maria A. Funka,

**D.W. Griffith, Sr.**, **Sally S. Griffith**,

Ronald S. Jones, Ellen L. Jones,

Gary L. Hickman,  Loraine Thompson,

Elizabeth Burns,  Robert  L. Ivey, Jr.,

Rebecca P. Ivey,, Robin Norris *aka*

Robin K. Norris, Lucinda L. Norris,

Edward D. Conroy,  Barbara D. Conroy,

Gary Werner, Carol Yanaros *aka*

Carol E. Yanaros, John Graziano *aka*

John J. Graziano, Stefan Caro,

Sanda  Caro *aka* Sanda M. Caro,

Vincent Spadavecchia, Francis  Larson  *aka*

Francis H. Larson, Patty Sirois *aka*

Patricia S. Sirois, Barry S. Mazza,

Jeanie Mazza, Barry S. Mazza,

Terri Leone aka Terri L. Leone ,

John  Ghiotti, Jr., *aka* John J. Ghiotti, Jr.,

Jerry C. Walters, Kris Walters *aka*

Kristina W. Walters, John Klimek *aka*

Johnathon H. Klimek,  Ross Crittenden *aka*

Ross P. Crittenden,  James Longstreet *aka*

James A. Longstreet,  Pat Morrison *aka*

Patricia Morrison, Donna  Spillman *aka*

Donna N. Spillman, David A. Hicks,

Lieser M. Hicks, Jon Harris *aka*

Jon W. Harris, Stacey S. Harris,
Jill Williams aka Jill M. Williams
and Michael Williams, other
individual John Doe Defendants,
individually,

          Defendants.

_____

**Complaint for Damages for Violation and Deprivation of  U. S. Constitutional and Civil Rights, Privileges, and Immunities**

The Plaintiff, **John B. Culverhouse, Sr**.,("Plaintiff" or by name) sues the

Defendants, the City of Fort Pierce, a municipal corporation, located in St. Lucie

County, Florida and organized under Section 2 of ARTICLE VIII of the Florida

Constitution and the laws of the State of Florida  ("Defendant" or "City of Fort

Pierce"), City of Fort Pierce City Manager Nicholas Mimms, individually,

("Individual Defendant" or  "City Manager Mimms") City of Fort Pierce

**Building Department Coordinator Shaun Coss**, **individually,** ("Individual

Defendant" or  "City Building Coordinator Coss"**), City of Fort Pierce  Code**

**Compliance Manager** , **Margaret  M. (Peggy) Arraiz, individually** ,

("Individual Defendant" or  "City Code Compliance Manager Arraiz"), City of

Fort Pierce **City Clerk and Assistant City Manager** , **Linda Cox, individually** ,

("Individual Defendant" or "City Clerk and Assistant City Manager  Cox ), and

other John Doe employees, officials and non-employee State or Municipal Actors

of  the  City of  Fort Pierce, individually, and  the following Individual Defendants

and State or Municipal Actors who are being sued individually: **Charlene Adair**,
**Joe Krisnak, Sylvia Krisnak, Janice Hodge, Chris Hodge** *aka* **Christopher P.**
**Hodge**, **John Wolsiefer** *aka* **John Wolsiefer, Sr**., **Nell Wolsiefer**, Kelly Johnson
*aka* **Kelly M. Johnson**, **Jeremiah K. Johnson,** Bob Greene *aka* Robert Greene,
**Donna Greene**, Maria A. Funka, **D.W. Griffith, Sr.**, **Sally S. Griffith**, Ronald S.
Jones, Ellen L. Jones, Gary L. Hickman, Loraine Thompson, Elizabeth Burns,
Robert L. Ivey, Jr., Rebecca P. Ivey,, Robin Norris *aka* Robin K. Norris, Lucinda
L. Norris, Edward D. Conroy, Barbara D. Conroy, Gary Werner, Carol Yanaros
*aka* Carol E. Yanaros, John Graziano *aka* John J. Graziano, Stefan Caro, Sanda
Caro *aka* Sanda M. Caro, Vincent Spadavecchia, Francis Larson *aka* Francis H.
Larson, Patty Sirois *aka* Patricia S. Sirois, Barry S. Mazza, Jeanie Mazza, Barry S.
Mazza, Terri Leone aka Terri L. Leone , John Ghiotti, Jr., *aka* John J. Ghiotti, Jr.,
Jerry C. Walters, Kris Walters *aka* Kristina W. Walters, John Klimek *aka*
Johnathon H. Klimek, Ross Crittenden *aka* Ross P. Crittenden, James Longstreet
*aka* James A. Longstreet, Pat Morrison *aka* Patricia Morrison, Donna Spillman
*aka*Donna N. Spillman, David A. Hicks, Lieser M. Hicks, Jon Harris *aka* Jon W.
Harris, Stacey S. Harris, Jill Williams aka Jill M. Williams and Michael Williams
( all hereinafter collectively being referred to as the "Individual Defendants" or the
"individual conspirators" or the " municipal actors" or the "state actors" or by their

respective names); and other individual unknown John Doe Defendants,

individually,   and  alleges the following:

## I.    **Introduction**

1.      This is a Civil Rights action brought by the Plaintiff,

**John B. Culverhouse, Sr.,** under the Civil Rights Act of  1871, 42 *U.S.C.* §§1983,

1985 and 1988 to seek relief from, and redress of, the multiple deprivations and

violations of  **John B. Culverhouse, Sr**,'s federally protected United States

Constitutional and Civil Rights, Privileges, and Immunities secured to **John B.**

**Culverhouse, Sr**, as a Citizen of the United States,   in and by, the "BILL OF

RIGHTS"  as embodied in the First, Fourth, Fifth and Fourteenth Amendments to

the Constitution of the United States caused by the multiple and continuing acts

under color of  state law, statute, ordinance, policy,  regulation, custom or usage

(hereinafter collectively referred to as "under color of  state law")  of  and by the

Defendants and for compensatory damages against the City of Fort Pierce and for

both Compensatory and punitive damages against the Individual Defendants and

the Petition Defendants and for both compensatory and punitive damages on the

state law cause of action.

## II.    **The Parties to This Complaint**

### A.    **The Plaintiff**

2.      At all times relevant to this action, the Plaintiff,  John B. Culverhouse, Sr., ( the "Plaintiff" or by name ) has been a adult Citizen of the United States residing in St. Lucie County, Florida.

3.      At all times relevant to this action, the Plaintiff,  John B. Culverhouse, Sr.,owned the home and real property located at 1635 Thumb Point Drive , Fort Pierce, Florida 34949 ("1635 Thumb Point Drive") from September of 1976 to the present date.

4.      From September of 1976 until her death on January 20, 2015, John B. Culverhouse, Sr., and his late Wife, Susan D. Culverhouse owned their homestead real property located at 1635 Thumb Point Drive as Tenants by the Entireties.

5.      John B. Culverhouse, Sr., was admitted to the Florida Bar on December 19th, 1975 and practiced law in St. Lucie County, Florida, after returning to Fort Pierce in 1976 to accept a position as an Assistant State Attorney in the 19th Judicial Circuit from Tallahassee where he clerked for the late Honorable James C. Adkins, then Chief Justice of the Supreme Court of Florida.

6.      John B. Culverhouse, Sr., is a member in good standing of the Florida Bar and was admitted to the Bar of this Court on February 22nd, 1980 and was admitted to practice before the Supreme Court of the United States upon the Motion of the late Honorable Claude Pepper on March 24th, 1986.

## B.      The Defendants

7.      At all times relevant to this action, the Defendant, the City of Fort Pierce, has been a  municipal corporation, located in St. Lucie County, Florida and organized and existing pursuant to Section 2 of Article VIII of the Florida Constitution and the laws of the State of Florida ( the "Defendant" or the "City of Fort Pierce")

8.      At all times relevant to this action, the Code Enforcement Division of the City of Fort Pierce was and is one of the Departments of the Government of the City of Fort Pierce  (the  "City of Fort Pierce Code Enforcement Division").

9.      At all times relevant to this action, the Building Department of the City of Fort Pierce was and is one of the Departments of the Government of the City of Fort Pierce (the  "City of Fort Pierce Building Department").

10.     At all times relevant to this action, the individual Defendant, Nicholas Mimms, who is being sued in his individual capacity, was a employee and the City Manager of,  the City of Fort Pierce and a resident of Fort Pierce, Florida.

11.     At all times relevant to this action, the individual Defendant, Linda Cox, who is being sued in her individual capacity, was  a employee serving simultaneously as both the City Clerk and Assistant City Manager of the City of Fort Pierce and a resident of Fort Pierce, Florida.

12.      At all times relevant to this action, the individual Defendant, Shaun Coss, who is being sued in his individual capacity**,** was a employee and Building

Coordinator of, the City of Fort Pierce Building Department and a resident of  the Southern District of Florida.

13.    At all times relevant to this action, the individual Defendant,, Margaret  M. (Peggy) Arraiz, who is being sued in her individual capacity, was a employee and the Code Compliance Manager of,  the Code Enforcement Division of the City of Fort Pierce and a resident of the Southern District of Florida.

14.    At all times relevant to this action, the now unknown Individual John Doe  Defendants who are being sued in their individual capacities, were employees and officials of the City of Fort Pierce and residents of the Southern District of Florida.

15.    City of Fort Pierce City Manager  Mimms, individually, City of Fort Pierce Building Department Coordinator Coss, individually,  City of Fort Pierce Code Compliance Manager  Arraiz, individually,  City of Fort Pierce City Clerk and Assistant City Manager Cox, individually , and other John Doe employees and officials may hereinafter be referred to collectively as the "Individual City of Fort Pierce Defendants".

16.    At all times relevant to this action, the Individual Defendant , Charlene Adair,  who is being sued in her individual capacity, was and is the Code Enforcement Chair of the Fort Pierce South Beach Association and who stated in

that organization's "2018 Annual Meeting Code Enforcement Report. . . " that was

posted on February 19th, 2018 on its website[1] that

> ****
> "I am Charlene Adair, your Code Enforcement Chair. My role is to be
> a liaison between South Beach residents and the Code Enforcement
> Division of the City of Fort Pierce. I am also a volunteer with the City
> of Fort Pierce."\
> ****

17.   At all times relevant to this action, the Individual Defendant, Charlene

Adair,  who is being sued in her individual capacity**,** was a "municipal actor" or

"state actor" and was a resident of  Fort Pierce, Florida.


18.   At all times relevant to this action, the Individual Defendant, Joe

Krisnak, who is being sued in his individual capacity**,**  was a "municipal actor" or

"state actor" and was a resident of Fort Pierce, Florida.

19.   At all times relevant to this action, the Individual Defendant, Joe

Krisnak, who is being sued in his individual capacity**,** was a member of the Board

of Directors of the Fort Pierce South Beach Association. **[Composite Exhibit 1]**

20.   At all times relevant to this action, the Individual Defendant, Joe

Krisnak, who is being sued in his individual capacity**,** was and is a licensed Florida

Real Estate Broker, who has also tried unsuccessfully to get the listing to sell 1635

Thumb Point Drive and 1629 Thumb Point Drive.

---

[1] See http://fpsba.org/:

21.     Subsequent to John B. Culverhouse, Sr., declining to list 1635 Thumb Point Drive and 1629 Thumb Point Drive for sale with Joe Krisnak, Sylvia Krisnak, who is not a licensed Florida Real Estate Broker contacted John B. Culverhouse, Sr., to attempt to obtain information for one of "her" clients who she said wanted to buy one or more of the lots and became angry when  John B. Culverhouse, Sr.,  told her that he did not care to do business with either her or her husband.

22.     At all times relevant to this action, the Individual Defendants, Sylvia Krisnak and Joe Krisnak, who are being sued in their individual capacities**,** has, since John B. Culverhouse, Sr., declined to list 1635 Thumb Point Drive and 1629 Thumb Point Drive with others,  intentionally engaged in a pattern of activities and predicate acts as hereinafter specified to cause great financial harm to John B. Culverhouse, Sr.,

23.     At all times relevant to this action, the Individual Defendant, Sylvia Krisnak, who is being sued in her individual capacity**,** was and is the Wife of Joe Krisnak, and a resident of Fort Pierce, Florida,  and was a "municipal actor" or "state actor".

24.     The Individual Defendants, Janice Hodge and Chris Hodge  *aka* Christopher P. Hodge unsuccessfully attempted to purchase 1629 and 1635 Thumb

Point Drive and have also actively discouraged prospective purchasers of 1629 Thumb Point Drive and have disparaged the properties and prospective purchasers.

25.    At all times relevant to this action, the Individual Defendants, Janice Hodge, Chris Hodge *aka* Christopher P. Hodge, John Wolsiefer aka John Wolsiefer, Sr., Nell Wolsiefer, Bob Greene aka Robert Greene, Donna Greene, Maria A. Funka, D.W. Griffith, Sr., Sally S. Griffith, Ronald S. Jones, Ellen L. Jones, Gary L. Hickman, Loraine Thompson, Elizabeth Burns, Robert L. Ivey, Jr., Rebecca P. Ivey, Robin Norris aka Robin K. Norris, Lucinda L. Norris, Edward D. Conroy, Barbara D. Conroy, Gary Werner, Carol Yanaros aka Carol E. Yanaros, John Graziano aka John J. Graziano, Stefan Caro, Sanda Caro aka Sanda M. Caro, Vincent Spadavecchia, Francis Larson aka Francis H. Larson, Patty Sirois aka Patricia S. Sirois, Barry S. Mazza, Jeanie Mazza, Barry S. Mazza, Terri Leone aka Terri L. Leone , John Ghiotti, Jr., aka John J. Ghiotti, Jr., Jerry C. Walters, Kris Walters aka Kristina W. Walters, John Klimek aka Johnathon H. Klimek, Ross Crittenden aka Ross P. Crittenden, James Longstreet aka James A. Longstreet, Pat Morrison aka Patricia Morrison, Kelly Johnson aka Kelly M. Johnson, Jeremiah K. Johnson, Donna Spillman aka Donna N. Spillman, David A. Hicks, Lieser M. Hicks, Jon Harris aka Jon W. Harris, Stacey S. Harris, Jill Williams *aka* Jill M. Williams and Michael Williams, who are being sued in their

individual capacities were residents of the Southern District of Florida and were "municipal actors" or "state actors". ("Individual Defendants" or "Petition Defendants" or by name or as "municipal actors" or "state actors")

26.     At all relevant times the "Petition Defendants" signed the "Petition for Culverhouse Property at 1635 Thumb Point Drive" in 2015 (the "2015 Petition") protesting the time that it was taking for the rebuilding the Home or are co-owners of the properties whose co-owner or spouse signed the 2015 Petition and who have never withdrawn their support for the petition and have allowed and permitted Sylvia Krisnak, Joe Krisnak, Janice Hodge, Chris Hodge *aka* Christopher P. Hodge, John Wolsiefer aka John Wolsiefer, Sr., Nell Wolsiefer and others to represent them before and to the City of Fort Pierce Building Department officials in 2015 and again in 2016, 2017 and 2018 to the City of Fort Pierce City Manager Mimms, City Code Compliance Manager Arraiz, City Clerk and Assistant City Manager Cox and to Mayor Linda Hudson and to the City Commissioners and to other John Doe employees and officials of the City of Fort Pierce numerous times again and again over that time period up to the present date

.     27.     At all times relevant to this action, there were Individual Defendants who were John Doe employees and Officials of the City of Fort Pierce, whose identities are unknown and who are being sued in their individual capacities and who, upon information and belief, resided in the Southern District of Florida (the

12

"Unknown Individual Defendants" or as "the unknown municipal actors" or as

"the unknown state actors")

28.    At all times relevant to this action, there were  Individual Defendants

John Doe non-employees and non-Officials of  the  City of  Fort Pierce, whose

identities are unknown and who are being sued in their individual capacities and

who, upon information and belief, resided in the  Southern District of Florida, and

were "municipal actors" or "state actors". (the "Unknown Individual Defendants"

or as "the unknown municipal actors" or  as "the unknown state actors") and

because the true names and capacities, whether individual, corporate, association

or otherwise of said Defendants, are unknown to Plaintiff, the Plaintiff  will seek

leave to amend this complaint to show the true names and capacity of these

Defendants when they have been ascertained and new information comes to light.

Each of the Unknown Defendants is responsible in some manner for the conduct or

liabilities alleged herein.

### III.  Venue

29.    Venue is proper in the United States District Court for the Southern

District of Florida pursuant to 28 *U.S.C.* § 1367 and 1391(b) and (c) because at

least one of the Defendants resides in the Southern District and the claims for relief

arose in the Southern District of Florida.

### IV.   Jurisdiction

30.     The jurisdiction of this Court is invoked under 28 *U.S.C.* §1331 because this U.S. District Court has original "Federal Question" jurisdiction of this civil action which arises  under the Constitution and laws of the United States.

31.     This Court's original subject matter jurisdiction of this civil action is also invoked under 28 *U.S.C.* §1343 (a) (1), (2), (3) and (4) wherein  John B. Culverhouse, Sr .,  as a Citizen of the United States  is seeking to recover damages for injury to his person and property and to secure equitable and other relief in order to seek redress for past deprivations  and to put a stop to the continuing deprivations, and to prevent future deprivations by the Defendants acting under color of state law of  the rights, privileges and immunities secured to John B. Culverhouse, Sr.,  by the  "BILL OF RIGHTS" as guaranteed to all U.S. Citizens by the First, Fourth, Fifth  and Fourteenth Amendments to the Constitution of the United States and by and under the Acts of Congress providing for the protection of civil rights as set forth in  the Civil Rights Act of  1871, 42 *U.S.C.* §§1983, 1985  and 1988.

32.     John B. Culverhouse, Sr .'s  claims as the Plaintiff for declaratory judgment relief against the City of Forty Pierce and against the  individual defendants who are being sued in their individual capacities, are authorized by 28 *U.S.C.* § 2201and  for other, additional, further, supplemental and necessary or proper relief by 28 *U.S.C.* § 2202 and  by *Federal Rule of Civil Procedure*  57.

33.    The Plaintiff's claims for equitable and injunctive relief are authorized

by 28 *U.S.C.* §1343 (a) (4) and by *Federal Rule of Civil Procedure* 65.

### VI.  Standing to Bring This Action and to Seek Relief under  42 *U.S.C.* §§1983, 1985 and 1988.

34.    The Plaintiff, John B. Culverhouse, Sr  has standing to bring this

action and to seek relief under  42 *U.S.C.* §§1983, 1985 and 1988 for the

Defendants' multiple acts under color of state law

### Standing for Injunctive Relief

**35**.    The Plaintiff, John B. Culverhouse, Sr , has standing to seek

injunctive relief against the Defendants because as hereinafter shown there are real

and immediate threats that the Plaintiff will be wronged again through the

continuing acts of retaliation and intimidation against John B. Culverhouse, Sr., for

his having exercised his federally protected U.S. Constitutional First Amendment

Rights of Freedom of Speech  and to prevent the deprivation of  his vested and

other property rights in violation of his rights of  U.S. Constitutional Substantive

Due Process**.**

### VII.  Conditions Precedent

36.    In this Complaint, the Plaintiff is only seeking relief against the

Defendants City of  Fort Pierce and the Unknown City Defendants under 42 *U.S.C.*

§§1983, 1985 and 1988 and therefore the notice provisions relating to claims

arising under state law pursuant to section 768.28 (1).(2), (3) and (6)(a) and (b), Florida Statutes (2017) are not applicable and all conditions precedent have been complied with.

37.     In this Complaint, the Plaintiff is only seeking to invoke the supplemental jurisdiction of this Court for relief pursuant to  28 *U.S.C.* §1367 against the individual Defendants on state law causes of action in their individual capacities and therefore the notice provisions relating to claims arising under state law pursuant to section 768.28,  Florida Statutes (2017)  are  not applicable and all conditions precedent have been complied with.

## Allegations Common to All Counts

38.     In September of 2017, the Plaintiff as the attorney for Richard B. Reed, II, who is a well known civic activist and government critic of the City of Fort Pierce, participated in a news conference with print journalists and reporters from T.V. stations in attendance and the statements made at the press conference both by Mr. Reed and his attorney appeared in printed newspapers and on the internet news *TC Palm*  and were broadcast on two West Palm Beach based television stations.

39.     It was announced at that press conference that  Richard B. Reed, II, would be shortly filing a  42 U.S.C. Section 1983  Civil Rights action in the U.S. District Court for the Southern District of  Florida against the City of  Fort Pierce

and against Fort Pierce City Manager Nicholas Mimms  and against  Fort Pierce

Police Chief Hobley Burney for the City's and their retaliation against  Mr. Reed

for his having exercised his First Amendment Rights by publicly criticizing all of

them for the disastrous handling of the killing of a young Afro-American man by

two Fort Pierce Police Officers and  also criticized the Police Chief for her

unlawful firing of a Police Officer that Mr. Reed was able to cause the Police

Chief's decision reversed which led to 6the Police Chief telling her top deputy

chiefs at a meeting to investigate Mr. Reed so  that he could be arrested and also

led to the Police Chief  in the court yard of the City Hall threatening Mr. Reed in

front of witnesses for which the Police Chief was suspended for five days.

40.     After the press conference the City Manager used pretexts to bar Mr.

Reed from City Hall and enforcement activity was begun against the home

property of  Mr. Reed's attorney, John B. Culverhouse, Sr., by the City Manager

Nicholas Mimms ordering the Code Enforcement Compliance Manager to

condemn the structure as a nuisance even though the City had issued a building

permit for the reconstruction of the homestead property on August 22nd, 2014 and

John B. Culverhouse, Sr. had obtained approved inspections every six months

thereafter by the Building Department.

41.  On November 20th, 2018, City Building Coordinator, Shaun Coss cited

the property.

42.  On January 16th, 2018, when the Code Enforcement Division placed a red placard condemning the home property at 1635 Thumb Point Drive, the Building permit was active and repairs were  being made to the structure which had sustained $19,000.00 of damages in early September of 2017 when Hurricane Irma's high winds caused the south wall of the building to collapse thereby causing work to be suspended until the Plaintiff's insurance company adjusted the loss and released the site so that repairs could be made and building could resume.

43.  Despite the repeated requests by the Plaintiff the insurance company did not adjust the loss and release the building site until December of 2017.

44.   At the end of January, 2017, the repaired structure passed inspection by the Building Department, but the Code Enforcement Division at the behest of the City Manager and others continued the enforcement action based on the complaints by area residents that have all been corrected except for the complaint that it is taking too long to rebuild the house and that it is not pretty to look at while it is under construction.

45.  In taking these enforcement actions, City Manager Mimms and Code Enforcement Compliance Manager Arraiz  have conspired and worked in concert with City Clerk and Assistant City Manager Linda Cox and City of  Fort Pierce Building Coordinator Coss and other City employees and officers and with

18

Charlene Adair, Joe Krisnak, Sylvia Krisnak, Janice Hodge,  Chris Hodge  *aka* Christopher P. Hodge,  John Wolsiefer *aka* John Wolsiefer, Sr., Nell Wolsiefer and other Municipal Actors.

46.    That  Joe Krisnak, Sylvia Krisnak, Janice Hodge,  Chris Hodge  *aka* Christopher P. Hodge,  John Wolsiefer *aka* John Wolsiefer, Sr., Nell Wolsiefer and other Municipal Actors have acted as the representatives of  all of the Petition Defendants who signed the "Petition for Culverhouse Property at 1635 Thumb Point Drive" in 2015 protesting the time that it was taking for the rebuilding and this petition was then sent to the City of  Fort Pierce's then Building Official.

47.    Joe Krcnak is a member if the Board of Directors of the Fort Pierce South Beach Association which has hundreds of members who are registered voters and has been active in working to get my property condemned. **[Exhibit 1]**

48.    The following members of the Fort Pierce South Beach Association (Christopher Hodge, Janice Hodge, Sylvia Krchnak, Charlene Adair,  John Wolsiefer, Charlie Hayek, Sally Griffith and John Northen) attended and either requested to be able to testify as a witness for the City of Fort Pierce against my property and me at the April 18th, 2018 Hearing before the Special Master and did testify or requested to testify as a witness for the City of Fort Pierce, but left before they were called to testify.

19

49.     Fort Pierce South Beach Association  Board of Director Member Joe

Krchnak [also attended the April 18th, 2018 hearing at which his Wife Sylvia

Testified on behalf of the City of Fort Pierce.

50.     And, on June 12th, 2018, after the Plaintiff went to the Code

Enforcement Office and requested to view the file in this matter to see what new

matters had been placed in the file since the April 18th, 2018 hearing, the Plaintiff

discovered  the attached November 16th, 2017 emails from Charlene Adair (the

Code Enforcement Chair for the Fort Pierce South Beach Association) to Shaun

Coss, who is a Building Coordinator with the Building Department of the City of

Fort Pierce and which show that Charlene Adair and the Fort Pierce South Beach

Association and Shaun Coss were colluding and conspiring to condemn the

property as soon as the attached Resolution 17-R38 was passed by the City of Fort

Pierce City Commission at its Regular Meeting on Monday, November 20th, 2017:

> ****
> "13. CITY COMMISSION
> ****
> "b. Resolution 17-R38 adopting the Rules of Procedure for Condemnation
> and Demolition." **[Composite Exhibit 2]**
> ****

51.     The tell tale "smoking gun" statement by Charlene Adair in her

email to Shaun Coss on Thursday, November 17th, 2017 at 6:30 PM was as

follows:

\*\*\*\*

"Thanks, Shaun. I'll try to get more pics from the back tomorrow while kayaking. **I know u need to wait until this revision passes on Monday . . .** Charlene"

\*\*\*\*     **[Exhibit 2]**

52. This is a reference to Resolution 17-R38 that was on the agenda for the Monday, November 20th, 2017 Regular Meeting of the City Commission of the City of Fort Pierce  and was passed at that meeting.

53.     The kayaking reference is to Charlene Adair kayaking on the Indian River where she could view and photograph the then unrepaired damage caused by Hurricane Irma to the structure under construction at 1635 Thumb Point Drive.

54.   This condemnation procedure allows a structure to be demolished if the structure cannot be condemned under the International Property Maintenance Code that the City of Fort Pierce had previously adopted and "Resolution 17-R38 adopting the Rules of Procedure for Condemnation and Demolition"  allows condemnation and demolition for subjective reasons  and  for neighbor's complaints and gave the City and the City officials and employees unbridled discretion and  gave the City officials and employees and the municipal actors the means to have the structure at 1635 Thumb Point Drive demolished even though there is an active building permit.

55.     That the condemnation tagging and the initiation of demolition

process grants unbridled discretion and allows arbitrary and capricious actions against the Plaintiff's home structure is evidenced clearly by the fact that the Staff Summary for the June 18th, 2018 Agenda item before the City Commission states that City Manager Mimms ordered the Code Enforcement Division to red tag the structure at 1635 Thumb Point Drive as being "Condemned".

56.     The structure under construction without the land is valued conservatively to be worth $175,000.00 to $200,000.00 and the waterfront lot the structure is situate on is valued at $600,000.00.

57. Because the structure was condemned on January 16th, 2018, the private lender that the Plaintiff had secured to fund the last $300,000.00 to finish the reconstruction of the home declined to fund the loan after the structure passed inspection in late January because of the City's action in condemning the structure that represented $175,000.00 to $200,000.00 of the lender's anticipated collateral for the loan.

58. This "red tagging" Condemnation of the structure at 1635 Thumb Point Drive as being "Condemned" was a final action in that it sounded the death knell for the Plaintiff to be able to receive the funding of the new loan and to complete the necessary work and have the work inspected and approved on or before July 24th, 2018 when the permit will expire unless it passes the required inspection in

which event the permit would then be valid for an additional one hundred and eighty days.

59.  The Plaintiff has been informed by City officials that no extensions of  the July 24th, 2018 inspection deadline of the permit or of the permit will be granted because of intense pressure being exerted by the Mayor and City Manager and other city officials working in concert with the municipal actor defendants.

60.  This  action by the  Code Enforcement Division at the order of the City Manager has resulted in the de facto lo0ss of the permit and of the value of the structure and improvements on the property because the Permit issued to the Plaintiff on August 22 , 2014 was issued under the 2010 Building Code and once the permit is lost, the structure as it is being built under the 2014 permit will not meet the requirements of the Building Code now in effect thereby causing substantial damages by the loss or required alteration of the structure by the present Building Code.

61.  That the City of Fort Pierce through the City Manager and the Code Enforcement Manager  and  other officials and employees and municipal actors knew that the Plaintiff was obtaining financing to complete the construction and the extremely adverse effect that the  "red tagging" Condemnation of the structure at 1635 Thumb Point Drive as being "Condemned" would have but proceeded to do so anyway due to the political pressure from the  Mayor and City

Manager Mimms and City Clerk and Assistant City Manager  Linda Cox  and by

the municipal actors working in concert with them and others.

62.  The leaders of the municipal actors for their own selfish financial

benefit want the permit to expire.

63.   The knowledge of the  leaders of the municipal actors and of

the Petition Defendants is imputed to the remaining Petition Defendants who are

thereby also municipal actors because they continue to allow the leaders to

represent them and to act and speak on their behalf.

64.   It is also suspect on the part of the Code Enforcement Division

Manager that this November 17th, 2017 email was not present in the Code

Enforcement file when I reviewed it on Monday, April 17th, 2018 prior to the April

18th, 2018 hearing but somehow supposedly found its way into the file sometime

after the April 18th, 2018 hearing and was not among the copies made for me of the

"supposed" complete  "Official" Code Enforcement Division file prior to the April

18th, 2018 hearing.

65. And, it is even more telling that at the top left of the pages of the email

it is shown that the November 20th, 2017 email was printed out on "4/17/2018" and

it is even more telling when a different formatted first page of the November 20th,

2017 email that omitted the date it was printed out and also omitted the second

page of Charlene Adair's email to Shaun Coss on Thursday, November 17th, 2017

at 6:30 PM   wherein Charlene Adair had  said ". . . I know u need to wait until this revision passes on Monday . . ." was introduced into evidence at the April 18th, 2018 hearing.

66.    At the  June 13th, 2018  hearing before the Special Master which did not go well for the City from the standpoint that Mr. Paul Thomas, the Building Official testified that some months before that he was advised by the City Attorney during a meeting of all of the Department heads of the City of Fort Pierce that the February 19th, 2016 letter agreement and timeline between John B. Culverhouse, Sr., and Marc Meyers as the then "Building Official" of the Building Department of the City of Fort Pierce was invalid and unenforceable because the Mayor had not signed the agreement and that the April 21st, 2016 letter from Marc Meyers to John B. Culverhouse, Sr., was likewise invalid and unenforceable. These items were listed as the City's Exhibits 5 and 6 that the Plaintiff  Objected to at the April 18th, 2018 hearing since they had not been previously disclosed as evidence or as a basis for the Code Enforcement action.

67.    The  February 19th, 2016 letter agreement and timeline and a April, 2017 letter  based on that timeline, that the  Code Enforcement Compliance Manager was then relying on as the foundation of the City's case was invalid and unenforceable because the Mayor had never signed the agreement.

68.  Immediately after the recess of the June 13th, 2018 hearing for the day, two members of the Fort Pierce South Beach Association (Christopher Hodge and Sylvia Krchnak) who attended the hearing  met privately with Code Enforcement Division Manager Peggy Arraiz in her office.

69.  In the afternoon of  June 15th, 2018, the Plaintiff drove to  1635 Thumb Point Drive to check on some work that he was having done on the property and as he pulled onto the property he saw a large number of cars parked across the street at the home of the Hodges and he observed about 20 people come out of the Hodges home and get into their cars and drive away.

70.  One of the persons was Joe Krchnak who was driving towards the Plaintiff east on Thumb Point Drive.

71.   It appeared that this was a meeting of either or both of  the leaders of the Petition Defendants or of  part of the Fort Pierce South Beach Association.

72.     As Mr. and Mrs. Hodge was walking back into their home, the Plaintiff called to Mr. Hodge and asked to speak with him and the three of them met on Thumb Point Drive and  the Plaintiff asked Mr. Hodge if there were any other things that were aggravating Mr. Hodge that the Plaintiff could have corrected on the lot and structure at 1635 Thumb Point Drive while the construction on the home was being finished and Mr. Hodge in a angry voice said

"No ! the whole thing aggravates me!" and then turned around and stalked off

back towards his home.

73.   The Fort Pierce South Beach Association and its officers and directors,

individually,  other than Joe Krchnak have not been named  as defendants in this

action but the Plaintiff reserves the right to add them as defendants if the Fort

Pierce South Beach Association and its other officers and directors are found

during discovery to also be municipal or state actors.

74.  That the City of Fort Pierce has a long standing culture of public

corruption, favoritism and the misuse and abuse of  their offices for their own

personal gain,  as alleged in this complaint.

75.   At all times relevant to this action, the individual Defendant City

Manager Mimms  as the City Manager, violated "ARTICLE IV. - CITY

MANAGER" "SECTION 42"  of the CHARTER of the CITY OF FORT PIERCE

by causing the appointment of City Clerk Linda Cox to simultaneously serve as the

Assistant City Manager since SECTION 42 expressly prohibits the City Manager

from exercising ". . .general supervision and control over . . . the office of city

clerk."[2]

---

[2] https://library.municode.com/fl/fort_pierce/codes/code_of_ordinances?nodeId=CH_ARTIVCIMA. SECTION 42
of  "ARTICLE IV. - CITY MANAGER" provides in relevant part the following:
****
"Sec. 42. - Powers and duties of city manager.
The city manager shall be the chief executive and administrative head of the municipal
government and shall be responsible to the commission for the proper administration of all

76.   At all times relevant to this action, the individual Defendant, Linda Cox, who is being sued in her individual capacity, as a employee of the City of Fort Pierce acting as, and holding, both of the offices of City Clerk and Assistant City Manager simultaneously was acting unlawfully in violation of "ARTICLE IV. - CITY MANAGER" "SECTION 42"  of the CHARTER of the CITY OF FORT PIERCE.

77.   Upon Information and belief, at times relevant to this action, the individual Defendant, Linda Cox, who is being sued in her individual capacity, as a employee of the City of Fort Pierce acting as, and holding, both of the offices of City Clerk and Assistant City Manager acted improperly in allowing  the Mayor who receives a monthly car allowance for reimbursement of expenses for using her private motor vehicle to use a motor vehicle assigned to the office of the City Clerk that was owned. leased or rented by the City of Fort Pierce during which time the Mayor was still being paid her monthly car allowance.

78.   When  a public records request was made  regarding the  foregoing, City Clerk and Assistant City Manager Cox answered that she had no such public records and when confronted by email a to why no such public records were kept

---

affairs of the city. **He shall exercise general supervision and control over all city departments**, <u>**except the office of city clerk**</u>, city attorney and city auditor. His powers and duties shall be:"
****

of her having allowed the Mayor to use such a city vehicle, there has yet to be a reply.

79.  Upon Information and belief, at times relevant to this action , another Commissioner whose place of employment  provides a vehicle for his use, in addition to accepting the payment of the monthly car allowance by the City for the reimbursement of expenses for using his privately owned personal motor vehicle, billed the City for mileage to a out of town conference while he was driving the vehicle furnished by his other employer.

80.    That John B. Culverhouse, Sr.'s  First, Fifth and  Fourteenth Amendment rights are being intentionally trampled, abused  and deprived with indifference by the City of Fort Pierce and by the Mayor and  her close friend City Clerk and Assistant City Manager Cox and by Code Compliance Manager Arraiz and City Building Official Coss and by City Manager Mimms  and by the State actors and others  in retaliation against the Plaintiff for having exercised his rights under the First Amendment, *inter alia*:

A.      by speaking out against the Mayor and City Manager and the Police Chief and others as the attorney representing Richard B. Reed, II, whom the Mayor hates at the Press conference in September of 2017;

B.  for the Plaintiff  having exercised his rights under the First Amendment by successfully representing Churches *pro bono*  in reversing City decisions that

effectively intentionally kept a Black Church from opening in Downtown  Fort

Pierce;

C.   by also having exercised his rights under the First Amendment  by

successfully representing the St. Lucie County Concerned Citizens *pro bono*  in

causing the City to stop appointing members of  City Boards by non-public ballots

in violation of  Florida's Sunshine Law;

D.  for having exercised his rights under the First Amendment  by making

public records requests;

E.   by representing the Director of the Fort Pierce Utilities Authority that

the Mayor orchestrated the firing of and in writing financial demand letters on

behalf of his Client to the Mayor as a member of the Fort Pierce Utilities Authority

through the Authority's attorney;

81.    At all times relevant to this action, all of the non City Employee and

non city official Individual Defendants  and Petition Defendants have been acting

jointly and colluding and conspiring with each other and with City employees and

officials Defendants as state actors  under color of state law with the purpose of

violating  the federal rights of  the plaintiff.

82.  At all times relevant to this action, the conduct of  City Manager

Mimms, Mayor Linda Hudson, City Building Official Coss, City Code

Enforcement Manager Arraiz and City Clerk and Assistant City Manager Cox and

of the state actors caused the deprivation and violation of the federally protected rights specified in this complaint.

83. At all times relevant to this action, all of the Individual Defendants and Petition Defendants have been acting under color of state law.

84. At all times relevant to this action, the individual Defendants' conduct under color of state law as specified in this complaint caused the deprivation of the federally protected rights, privileges, and immunities secured to John B. Culverhouse, Sr., in and by, the "BILL OF RIGHTS" as embodied in the First, Fourth, Fifth and Fourteenth Amendments to the Constitution and the laws of the United States of America.

85. At all times relevant to this action, the Defendant, the City of Fort Pierce's enforcement of the City of Fort Pierce's ordinances, codes, regulations, rules, policies, customs, usages[3] or practices as alleged in this complaint were violations of the federally protected rights of John B. Culverhouse, Sr.

86. Title 42 U.S.C. § 1983 provides in relevant part:

> "Every person who, under color of any statute, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

---

[3] 42 *U.S.C.* § 1983 provides in relevant part:
"Every person who, under color of any statute, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

87.  The Petition Defendants through their leaders who had various self interests and ulterior motives brought pressure to bear upon City Manager Mimms and the Mayor and others.

88. To appease the  Petition Defendants  City Manager Mimms has caused thousands of dollars of public monies to be spent on attorneys and others determining how to take away the Plaintiff's vested rights and property interests in the permit.

89. That the City Manager Mimms, Mayor Linda Hudson, City Building Official Coss, City Code Enforcement Manager Arraiz and City Clerk and Assistant City Manager Cox and other city employees and officials and the Petition Defendants  as state actors have caused the deprivations and violations of the federally protected rights of the Plaintiff .

90.  That City Manager Mimms,  Mayor Hudson, City Building Official Coss, City Code Enforcement Manager Arraiz and City Clerk and Assistant City Manager Cox and other city employees and officials and the Petition Defendants as state actors have caused the deprivations and violations of the federally protected rights of the Plaintiff by conspiring or acting  in concert to tortuously interfere with or deprive John B. Culverhouse, Sr., of  vested rights and property

interests that John B. Culverhouse, Sr. had been granted on August 22, 2014 and thereafter with each approved inspection under the permit.

91.  John B. Culverhouse, Sr., was consequently denied his constitutional rights to equal protection of the law and to both procedural and substantive due process of law as guaranteed by the 14th and other applicable Amendments to the Constitution of the United States.

92.   The conduct and actions of the City Of  Fort Pierce and of City Manager Mimms,  Mayor Hudson, City Building Official Coss, City Code Enforcement Manager Arraiz and City Clerk and Assistant City Manager Cox and other city employees and officials and the Petition Defendants  as state actors was and is corrupt.

93. That the City Of  Fort Pierce and City Manager Mimms,  Mayor Hudson, City Building Official Coss, City Code Enforcement Manager Arraiz and City Clerk and Assistant City Manager Cox and other city employees and officials and the Petition Defendants  as state actors acted with the intent to harm, or with deliberate indifference to, and to deprive the  Plaintiff of his bested property rights and interests.

94.  The  City Of  Fort Pierce and  City Manager Mimms,  Mayor Hudson, City Building Official Coss, City Code Enforcement Manager Arraiz and City Clerk and Assistant City Manager Cox and other city employees and officials and

the Petition Defendants  as state actors engaged in joint and concerted conduct that "shocks the judicial conscience" contrary to the guarantee of substantive due process.

95.   That the City of Fort Pierce as a municipality is not immune from suit under the Eleventh Amendment pursuant to 42 U.S.C. Section 1983.

96.     Upon a favorable determination that the actions of the City Of  Fort Pierce and of City Manager Mimms,  Mayor Hudson, City Building Official Coss, City Code Enforcement Manager Arraiz and City Clerk and Assistant City Manager Cox and other city employees and officials and the Petition Defendants as state actors or the actions of the foregoing with other co-conspirators violated and deprived the Plaintiff's rights under the First  Amendment  and his rights to substantive due process under the 14th  and 5th Amendments to the Constitution of the United States, the Plaintiff will be entitled to an award of attorneys fees pursuant to 42 U.S.C. section 1988.

**COMPLAINT FOR DAMAGES**
**FIRST CLAIM FOR RELIEF**
**Substantive Due Process (42 U.S.C. § 1983)**
**(Against Individual City of Fort Pierce Defendants**
**and the Petition Defendants as State Actors  and Unknown**
**Defendants)**

97.  The Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 96 of this Complaint with the same force and effect as if fully set forth herein.

98.  The Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

99.  The aforementioned actions of  the Individual City of Fort Pierce Defendants and of the Petition Defendants as State Actors and Unknown Defendants), along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of  the Plaintiff, and with purpose to harm unrelated to any legitimate objective.

100. As a direct and proximate result of these actions by the Individual City of Fort Pierce Defendants and the Petition Defendants as State Actors  and Unknown Defendants the Plaintiff suffered damages,

101.  The conduct of  the Individual City of Fort Pierce Defendants and the Petition Defendants as State Actors  and Unknown Defendants was willful, wanton, malicious, and done with reckless disregard for the rights of  the Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to the Individual City of Fort Pierce Defendants and the Petition Defendants as State Actors  and Unknown Defendants.

**COMPLAINT FOR DAMAGES**
**SECOND CLAIM FOR RELIEF**
**Municipal Liability – Ratification (42 U.S.C. § 1983)**
**(Against Defendants City of Fort Pierce and Unknown**

**Defendants** )

102.  Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 101 of this Complaint with the same force and effect as if fully set forth herein.

103.  The  Defendant, City of Fort Pierce  and Unknown Defendants acted under color of law;

104.  The acts of the Defendant, City of Fort Pierce Defendants and the Unknown Defendants deprived the Plaintiff of his particular rights under the United States Constitution.

105.  Upon information and belief, a final policymaker, City Manager Mimms and Mayor Hudson and the three vote majority (Mayor Hudson and Commissioners Johnson and Perona)  on the Commission, acting under color of law, who had final policymaking authority concerning the acts of  the Individual City of Fort Pierce Defendants and the Petition Defendants as State Actors  and Unknown Defendants**,** ratified the acts of all of said defendants acts and the bases for them.

106.  Upon information and belief, the final policymaker knew of and specifically approved of  the acts of the Individual City of Fort Pierce Defendants and the Petition Defendants as State Actors  and Unknown Defendants.

107. Upon information and belief, a final policymaker has determined (or will determine) that the acts of  the Individual City of Fort Pierce Defendants and the Petition Defendants as State Actors  and Unknown Defendants were "within policy" custom, practice or usage.

108.  By reason of the aforementioned acts and omissions, Plaintiff has suffered damages,

109. Accordingly,  the Defendant, City of Fort Pierce is liable to the Plaintiff  for compensatory damages under 42 U.S.C. § 1983.

**COMPLAINT FOR DAMAGES**
**THIRD CLAIM FOR RELIEF**
**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**
**(Against Defendant, City of Fort Pierce)**

110.  The Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 109 of this Complaint with the same force and effect as if fully set forth herein.

111. The Individual City of Fort Pierce Defendants and the Petition Defendants as State Actors  and Unknown Defendants acted under color of law.

112.  The acts of  the  Individual City of Fort Pierce Defendants and the Petition Defendants as State Actors  and Unknown Defendants deprived the Plaintiff  of his rights under the United States Constitution.

113. The training policies of the Defendant, City of Fort Pierce were not adequate to train the Individual City of Fort Pierce Defendants and the Unknown Defendants to handle the usual and recurring situations with which they must deal.

114.  The Defendant,  City of Fort Pierce was deliberately indifferent to the obvious consequences of its failure to train the Individual City of Fort Pierce Defendants and the Unknown Defendants and its other employees and officials adequately.

115. The failure of the Defendant, City of Fort Pierce to provide adequate training caused the deprivation of Plaintiff's rights by the Individual City of Fort Pierce Defendants and the Petition Defendants as State Actors  and Unknown Defendants, that is the Defendant,  City of Fort Pierce's failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the injury.

116. On information and belief,  the Defendant,  City of Fort Pierce failed to train the Individual City of Fort Pierce Defendants and the Unknown Defendants properly and adequately.

117. By reason of the aforementioned acts and omissions,  the Plaintiff  has suffered damages.

118 . Accordingly, the Defendant, City of Fort Pierce and the Unknown City Defendants each are liable to the Plaintiff for compensatory damages under 42 U.S.C. § 1983.

**COMPLAINT FOR DAMAGES**
**seeks attorney's fees under this claim.**
**FOURTH  CLAIM FOR RELIEF**
**Municipal Liability – Unconstitutional**
**Custom or Policy (42 U.S.C. § 1983)**
**(Against the Defendant,** City of Fort Pierce
**and the Unknown City Defendants )**

119.  Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 118 of this Complaint with the same force and effect as if fully set forth herein.

120.  The Individual City of Fort Pierce Defendants and the Petition Defendants as State Actors  and Unknown Defendants acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant,  City of Fort Pierce.

121.  On information and belief, the Individual City of Fort Pierce Defendants and the Petition Defendants as State Actors  and Unknown Defendants were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the injuries caused to the rights of the Plaintiff.

122. The Defendants, City of Fort Pierce and the Unknown City Defendants,

together with other City of Fort Pierce  policymakers and supervisors, maintained

unconstitutional customs, practices, and policies:

(a) Inadequately supervising, training, controlling, assigning,

nd disciplining City of Fort Pierce  employees and officials and other personnel,

including the Individual City of Fort Pierce Defendants and the Unknown

Defendants, whom Defendant City of Fort Pierce  knew or in the exercise of

reasonable care should have known had the aforementioned propensities and

character traits;

(b) Maintaining grossly inadequate procedures for reporting,

supervising, investigating, reviewing, disciplining and controlling misconduct by

employees and officials,

**COMPLAINT FOR DAMAGES**
**seeks attorney's fees under this claim.**
**FIFTH CLAIM FOR RELIEF**
**First Amendment retaliation claim**
**(42 U.S.C. § 1983)**
**(Against the Defendants,  City of Fort Pierce**
**and the Individual City of Fort Pierce Defendants**
**and the Petition Defendants as State Actors  and Unknown**
**City Defendants and the Unknown  Defendants )**

123.  Plaintiff repeats and re-alleges each and every allegation in paragraphs

1 through 122 of this Complaint with the same force and effect as if fully set forth

herein.

124.  The Plaintiff's speech or act was constitutionally protected**;**

125.  The retaliatory conduct of the Defendant,  the City of  Fort Pierce and the Individual City of Fort Pierce Defendants and the Petition Defendants as State Actors  and Unknown City Defendants and the Unknown  Defendants adversely affected the protected speech and act;

126.  There is a causal connection between the retaliatory actions and the adverse effect on speech.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff  requests entry of judgment in his favor and against the Defendants, as follows

A. for compensatory damages in whatever amount may be proven at trial against the City of Fort Pierce and the Unknown City Defendants;

B.  For punitive damages against the Individual City of Fort Pierce Defendants and the Petition Defendants as State Actors  and Unknown Defendants;

C. For statutory damages;

D. For prejudgment interest;

E. For reasonable attorneys' fees, including litigation expenses;

F. For costs of suit; and

G. For such further other and further and supplemental relief as the Court may deem just, necessary proper, and equitable  and appropriate.

Executed on June 18th, 2018.

**Brad Culverhouse**
**Attorney At Law, Chartered***:*
505 Beach Court, Suite 1
Fort Pierce, Florida  34950
Office Telephone    772. 465.7572
Cellular Telephone    561.716.4726
E-Mail: BradCulverhouseLaw@gmail.com
Attorney for John B. Culverhouse, Sr.

**By  */s/  Brad_Culverhouse***

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via

email to James Messer, Esquire, the City Attorney for the City of Fort Pierce on

June 18th, 2018,

**Brad Culverhouse**
**Attorney At Law, Chartered***:*
505 Beach Court, Suite 1
Fort Pierce, Florida  34950
Office Telephone    772. 465.7572
Cellular Telephone    561.716.4726
E-Mail: BradCulverhouseLaw@gmail.com
Attorney for John B. Culverhouse, Sr.

**By  */s/  Brad_Culverhouse***